UNITED STATES of America

v.

John G. PHILLIPS.

No. 83 CR 975.

United States District Court,
N.D. Illinois, E.D.

Jan. 10, 1984.

Scott Turow, Asst. U.S. Atty., Chicago, Ill., for United States.

Anton R. Valukas, Daniel R. Warren, Jenner & Block, Chicago, Ill., for Phillips.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

On December 14, 1983, John G. Phillips ("Phillips") was indicted by a federal grand

jury in the Northern District of Illinois for attempted extortion under 18 U.S.C. § 1951(b)(2). On the same day, before the indictment against Phillips was returned, an FBI agent obtained some tax documents from Phillips' accountant, Robert Sassetti ("Sassetti"), under the authority of a grand jury subpoena. Phillips claims that the government improperly seized these documents, and he has moved this Court on an emergency basis for an order to impound them. For the reasons set forth below, Phillips' motion is denied.

Phillips argues first that the government has used the grand jury's subpoena power in place of discovery to prepare for trial. Because the government obtained the tax documents from Sassetti only hours before the grand jury returned its indictment of Phillips, he contends that the government could not have intended that the records actually be considered by the grand jury. Instead, Phillips asserts, the government's dominant purpose in obtaining the documents must be to prepare for the pending trial of Phillips, an improper use of the grand jury's broad investigatory powers.

■ It is true that the government may not utilize a grand jury for the sole or primary purpose of gathering evidence for use in a pending trial. *United States v. Ruppel*, 666 F.2d 261, 267–268 (5th Cir. 1982), *cert. denied*, 458 U.S. 1107, 102 S.Ct. 3487, 73 L.Ed.2d 1369 (1982); *United States v. Zarattini*, 552 F.2d 753, 757 (7th Cir.1977), *cert. denied*, 431 U.S. 942, 97 S.Ct. 2661, 53 L.Ed.2d 262 (1977). However, the government has every right to continue a grand jury investigation, even when the evidence received may also relate to a pending indictment. *Id.; United States v. Braasch*, 505 F.2d 139, 147 (7th Cir.1974), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1562, 43 L.Ed.2d 775 (1975). In this case, the government argues that it obtained the documents to aid the grand jury in its continuing investigation of other persons. The government has submitted to this Court under seal an affidavit detailing evidence of its pending grand jury investigation involving specifically named individ-uals. We have examined this affidavit in camera and are satisfied that the documents obtained from Sassetti are relevant to the grand jury's continuing investigation. Therefore, we find no abuse of the grand jury process here.

■ Another basis for this conclusion lies in the fact that the grand jury first subpoenaed the documents on November 1, 1983, more than six weeks before Phillips was indicted. If Phillips had complied with this initial subpoena, the grand jury clearly would have been able to consider the documents before deciding whether to indict Phillips. However, Phillips did not produce the documents when called for by the subpoena; instead, he delayed their production for over a month. We believe that the government's intent in seeking evidence through a grand jury subpoena should be judged at the time the subpoena is issued, not at the time the government finally succeeds in obtaining the evidence—especially when the delay is due solely to the defendant's actions. Under this standard, the government certainly acted properly in obtaining the documents from Sassetti.

■ Phillips argues next that the government's obtaining these documents violates his qualified common law privilege under Rule 501 of the Federal Rules of Evidence. However, he has already presented these arguments in this District to Chief Judge Frank J. McGarr in a motion to quash the grand jury subpoena. *In re: Grand Jury Subpoena*, No. 82 GJ 1212 (N.D.Ill. Dec. 12, 1983). Judge McGarr rejected Phillips' claims of privilege and denied the motion to quash; this Court will not review that order.

Finally, Phillips contends that the government acted improperly by taking certain documents which were beyond the subpoena's scope. These documents were related solely to the preparation of state income tax returns or to years before 1975. As we stated in open court on December 21, 1983, the government is to return to Sassetti any such documents not called for by the subpoena. However, none of the other documents need be impounded be-

cause the government received more than it asked for.

Accordingly, Phillips' motion to impound the tax documents is denied. It is so ordered.